UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |  |
|---|---|---|
| ELLIS PRICE AND ROSEMARY PRICE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-96-PLR-DCP |
| | ) | |
| AERCO INTERNATIONAL, INC., and | ) | |
| PEERLESS INDUSTRIES, INC., individually | ) | |
| and as Successor in Interest to Peerless | ) | |
| Heater Company, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Leave to Withdraw as Counsel [Doc. 41], filed by Attorneys John W. Elder, Barbara Doolittle, and Jeffrey Hubbard ("Movants"). Specifically, Movants seek leave to withdraw from representing Defendant Peerless Industries, Inc., individually and as successor in interest to Peerless Heater Company ("Peerless"). The Motion explains that this case was originally filed in the Circuit Court for Knox County, Tennessee, on January 29, 2019, and that Peerless removed this case on March 12, 2019. Currently, Peerless is no longer a functioning corporate entity. Peerless's only assets were insurance policies issued by Fireman's Fund Insurance Company ("FFIC") and The American Insurance Company ("TAIC"), which provided limited and now, depleted coverage.

The Motion explains that Peerless's coverage was the subject of an interpleader complaint, filed on January 28, 2019, in the Supreme Court of the State of New York, County of New York. The interpleader complaint was a request by FFIC and TAIC that the asbestos cases in which Peerless has been named across the nation be interpleaded, and that the presiding judge in New York County direct the priority of settlement and distribution of the remaining limited insurance coverage as between the existing asbestos claims against Peerless. Their request included the instant case. On August 1, 2019, the New York Supreme Court entered an order denying the relief sought by FFIC and TAIC and dismissed the interpleader complaint. While the state court action was pending, Peerless directed its counsel nationwide, including Movants, to cease work on all pending matters. Peerless's insurance carrier has now directed its counsel nationwide, including Movants, to immediately withdraw from their representation of Peerless. In summary, Peerless has fully exhausted its insurance coverage, has no other assets, and will not continue to defend pending or future asbestos claims against it.

Movants state that they have established extraordinary circumstance, permitting their withdrawal. Movants state that as a defunct and out-of-state business entity, Defendant has no mailing address and no telephone number. Movants further submit a Consent of Client Withdrawal [Doc. 41-3], which is signed by Stanley Bloom ("Bloom"), Peerless's Vice President. Bloom states that Peerless is no longer a functioning corporate entity and does not own any assets. [*Id.*]. In addition, Bloom states that Peerless has no intent to obtain substitute counsel in this matter and will not be defending this or any other lawsuit.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;

> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

Further, with respect to corporations "that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." *See* E.D. Tenn. L.R. 83.4(g).

The Court finds extraordinary circumstances exist to allow Movants' withdrawal. Here, Peerless is no longer a functioning corporate entity. Further, Peerless no longer wants to defend any pending or future asbestos claims against it. Peerless's Vice President has confirmed these representations. Finally, no other party has responded to the instant Motion. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Although Peerless no longer wants to defend this lawsuit, the Court **ADMONISHES** Peerless that corporations cannot appear in federal court except through a licensed attorney. *See In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009) (noting that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney). Therefore, the potential consequences of not securing

replacement counsel is that default judgment could be entered against Peerless.  The Court highly recommends that Peerless finds substitute counsel in this case.  *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.").

Accordingly, the Motion for Leave to Withdraw as Counsel [**Doc. 41**] is **GRANTED**.  The Court expects Movants to provide copies of any relevant documents to any future counsel for Peerless or directly to Peerless upon request.  Further, Movants **SHALL** provide a copy of the instant Memorandum and Order to Stanley Bloom.  Otherwise, Attorneys John Elder and Barbara Doolittle, with the law firm of Paine, Tarwater, Bickers, LLP and Attorney Jeffrey Hubbard with the law firm of Hubbard, Mitchell, Williams & Strain, PLLC are hereby **RELIEVED** of their duties in this case.  Peerless is hereby **ADMONISHED** that it is **DEEMED** to proceeding pro se in this matter.

**IT IS SO ORDERED**.

      ENTER:

      */s/ Debra C. Poplin*
      Debra C. Poplin
      United States Magistrate Judge